UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RITA NILDA SAAVEDRA MACEDO and all )
others similarly situated under 29 U.S.C. )
216(B), )
                              )
              Plaintiff, )
vs. )
                              )
SMALL WORLD MONTESSORI METHOD )
SCHOOL V INC. )
AMMIR VAYANI, )
                              )
              Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, RITA NILDA SAAVEDRA MACEDO, by and through undersigned counsel, files this Complaint against Defendants, SMALL WORLD MONTESSORI METHOD SCHOOL V INC. and AMMIR VAYANI, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant, SMALL WORLD MONTESSORI METHOD SCHOOL V INC., is a corporation that regularly transacts business within the Miami-Dade County, Florida. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant, AMMIR VAYANI, is a corporate officer and/or owner and/or manager of the Defendant Corporation who runs the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for

the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County, Florida.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate...."

9. Plaintiff worked for Defendants as a secretary from on or about September 17, 2010 through on or about January 30, 2014.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Plaintiff worked at Defendants' school which is an enterprise engaged in commerce and is covered under the Fair Labor Standards Act pursuant to 29 U.S.C. 203 (s) (B).

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate

commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the goods and materials that Plaintiff used and/or handled on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $500,000 annually for the years 2010, 2011, 2012, and 2013.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014.

14. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Between the period of on or about September 17, 2010 through on or about January 30, 2014, except for a period of 10 weeks on which she was off, Plaintiff worked an average of 60 to 65 hours a week for Defendants. The Individual Defendant had instructed Plaintiff to punch out from the clock well before her shift ended, and as such required her to work much of her hours off the clock. Plaintiff was paid $11.50/hr by the Defendants for the straight time hours that Plaintiff worked but for not paid the proper overtime due to Defendants' time keeping practices. For the overtime hours that were on the clock, Plaintiff was only paid the straight time rate and was never paid the additional half time overtime rate. For any overtime hours

worked off the clock, Plaintiff was not paid anything at all. Plaintiff therefore claims the halftime overtime rate for every overtime hour worked that was on the clock and the time-and-a-half overtime rate for every overtime hour worked off the clock.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: BATTERY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. This Court has jurisdiction for Plaintiff's battery claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

18. On or about January 30, 2014, Plaintiff was working for Defendant at her normal duties as a

secretary.

19. The administrator was the Individual Defendant, AMMIR VAYANI, and he was working in his capacity as an officer of the Corporate Defendant.

20. The Individual Defendant, AMMIR VAYANI, grabbed Plaintiff by the arms, threw her to the ground, dragged her by her hair, and forcefully suppressed his forearms into her head, forcing her head into the ground. He also choked her.

21. The Individual Defendant AMMIR VAYANI's actions were an intentional harmful and offensive touching that were not consented to by Plaintiff and as a result, Plaintiff was injured physical bt the attack and suffered mental anguish.

WHEREFORE, Plaintiff requests all damages allowed by law and punitive damages entered against Defendants along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

By:_____[signature]_____
Plaintiff