UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FL
14-CV-20879-COOKE/TURNOFF

RITA NILDA SAAVEDRA MACEDO,

    Plaintiff,

v.

SMALL WORLD MONTESSORI
METHOD SCHOOL V INC., and
AMMIR VAYANI,

    Defendants.
_____/

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES

The defendants, Small World Montessori Method School V Inc. and Ammir Vayani, file their Answer and Affirmative Defenses to the Complaint filed by the plaintiff, Rita Nilda Saavedra Macedo. All allegations in the Complaint which are not specifically admitted herein are denied.

## ANSWER

1. The defendants admit that this purports to be an action arising under the Fair Labor Standards Act. The defendants deny, however, that the plaintiff has properly brought this action, that the defendants have engaged in any unlawful actions or otherwise violated any federal or state statutory law or common law, or that the plaintiff is entitled to any relief whatsoever.

2. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 2.

3. Admitted.

4. Admitted, except that the allegation that the individual defendant is an employer as defined by 20 U.S.C. 203 (b) is a legal conclusion which requires neither an affirmation nor a denial.

5. Denied.

6. The defendants admit that this purports to be an action arising under the laws of the United States and that it is brought as a collective action under the cited statute. The defendants deny, however, that the plaintiff has properly brought this action, that the defendants have engaged in any unlawful actions or otherwise violated any federal or state statutory law or common law, that the plaintiff is similarly situated to any other current or former employees of the defendant, or that the plaintiff is entitled to any relief whatsoever.

7. The defendants admit that this Court has jurisdiction over actions brought pursuant to the Fair Labor Standards Act. The defendants deny, however, that the plaintiff has properly brought this action, that the defendants have engaged in any unlawful actions or otherwise violated any federal or state statutory law or common law, that the plaintiff is similarly situated to any other current or former employees of the defendant, or that the plaintiff is entitled to any relief whatsoever.

8. To the extent that the plaintiff attempts to characterize, restate, or quote portions of 29 U.S.C. §206, the defendants state that the statute speaks for itself and requires no affirmation or denial.

9. Admitted.

10. The defendants admit that the plaintiff worked for the corporate defendant. All remaining allegations are legal conclusions which require neither an affirmation nor a denial.

11. The allegations contained in paragraph 11 are legal conclusion which require neither an affirmation nor a denial.

12. Admitted.

13. Admitted.

14. The defendants admit that the corporate defendant regularly employed two or more employees for the relevant time period. All remaining allegations are denied.

15. Denied.

16. Denied.

17. The defendants admit that this Court has jurisdiction over supplemental state claims. The defendants deny, however, that the plaintiff has properly brought this action, that the defendants have engaged in any unlawful actions or otherwise violated any federal or state statutory law or common law, that the plaintiff is similarly situated to any other current or former employees of the defendant, or that the plaintiff is entitled to any relief whatsoever.

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

The defendants further deny that the plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 30 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207 and 213.

2. The plaintiff's claim for liquidated damages is barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

3. The plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis non curet lex.

4. The plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that the plaintiff's own conduct resulted in her not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

5. To the extent that the plaintiff has failed to mitigate her damages, the defendant is entitled to a set-off of the amounts which the plaintiff earned or could have earned through reasonable efforts.

6. The plaintiff's claim is barred to the extent that the plaintiff has failed to mitigate adequately any claim for back pay or other damages.

7. The defendants reserve the right to modify and supplement its affirmative defenses and to plead additional affirmative defenses to the claims of the plaintiff based upon such facts and circumstances as become known to it subsequent to the date hereof.

WHEREFORE, the defendants assert that the plaintiff should take nothing in this action, and that the defendants should recover its costs and reasonable attorneys' fees in this matter, together with such other relief.

Date: April 2, 2014                              Respectfully submitted,

                                                     By:    s/Kenneth A. Knox
                                                              Kenneth A. Knox
                                                              Fla. Bar No. 0829455
                                                              kknox@laborlawyers.com
                                                              FISHER & PHILLIPS LLP
                                                              450 East Las Olas Boulevard, Suite 800
                                                              Fort Lauderdale, Florida 33301
                                                             Telephone (954) 525-4800
                                                              Facsimile (954) 525-8739

                                                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2014, I electronically filed the foregoing ***DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES*** with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Kenneth A. Knox

## SERVICE LIST

### CASE NO. 14-20556-CIV-UNGARO

| J. H. Zidell (Fla. Bar No. 0010121)<br>zabogado@aol.com<br>J. H. Zidell, P.A.<br>300 71 Street<br>Suite 605<br>Miami Beach, Florida 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br><br>Attorney for Plaintiff | Kenneth A. Knox (Fla. Bar No. 829455)<br>kknox@laborlawyers.com<br>FISHER & PHILLIPS LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Ft. Lauderdale, Florida 33301<br>Telephone:  (954) 525-4800<br>Facsimile:  (954) 525-8739<br><br>Attorney for Defendants |
|---|---|