UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20879-CIV-TORRES

CONSENT CASE

RITA NILDA SAAVEDRA MACEDO,
and all others similarly situated under 29
U.S.C. 216(b)

      Plaintiffs,

vs.

SMALL WORLD MONTESSORI
METHOD SCHOOL V, INC.,
and AMMIR VAYANI,

      Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This matter is before the Court on Plaintiff Rita Nilda Saavedra Macedo's Motion in Limine [D.E. 54] that was timely filed in this case and which is ripe for disposition. Defendant did not respond to Plaintiff's Motion. The Court has carefully reviewed the motion and relevant authority in this case. Based upon a thorough review of the record, and for the reasons set forth below, the motion is **GRANTED**.

Plaintiff moves to exclude any reference to attorney's fees, costs, or liquidated damages at trial. "The court excludes evidence on a Motion in Limine only if the evidence is clearly inadmissible for any purpose." *In re Mirabilis Ventures, Inc.*, 2011 WL 3236027, at *5 (M.D. Fla. July 28, 2011). We agree with Plaintiff that in this Fair

Labor Standards Act ("FLSA") case, the issues of attorney's fees, costs, and liquidated damages have no basis in being presented to the jury. *See Dingman v. Cart Shield USA, LLC*, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorney's fees and costs at trial). As such, any reference to attorney fees, costs, or liquidated damages at trial should be excluded.

Moreover, the Court is entitled to rely upon Local Rule 7.1(c) in granting the Motion in Limine: "Failure to [file a timely opposing memorandum] may be deemed sufficient cause for granting the motion by default." That Rule may undeniably be enforced and relied upon by a district court in the proper management of its cases. *See, e.g., Digioia v. H. Koch & Sons, Div. Of Wickes Mfg. Co.*, 944 F.2d 809, 811 (11th Cir. 1991); *Calmaquip Eng'g West Hemisphere Corp. v. West Coast Carriers, Ltd.*, 650 F.2d 633, 636 (5th Cir. Unit B 1981) ("A litigant has a right to rely upon the local rules, as the parties and the court are bound by them.").

Therefore, for good cause shown, and in the absence of any timely opposition to the motion, the court **GRANTS** Plaintiff's Motion in Limine.

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of June, 2015.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge