### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-20879-CIV-COOKE/TORRES

### <u>CONSENT CASE</u>

| | |
|---|---|
| RITA NILDA SAAVEDRA MACEDO *and all* | ) |
| *others similarly situated under 29 U.S.C. 216(B)* | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) |
| | ) |
| SMALL WORLD MONTESSORI METHOD | ) |
| SCHOOL V INC. | ) |
| AMMIR VAYANI | ) |
| Defendants | ) |
| _____ | ) |

### <u>PLAINTIFF'S MOTION FOR COURT TO APPOINT A RECEIVER</u>

Comes Now Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 66 and Fla. Stat. § 56.10, and requests that the Court to Appoint a Receiver, and in support thereof states as follows:

1. Plaintiff obtained a final judgment in the amount of $109,106.24 against Small World Montessori Method School V. Inc. [D.E. 62].

2. On June 17, 2015, Plaintiff obtained a writ of execution [D.E. 64]. On June 23, 2015 Plaintiff attempted to execute on the judgment by levying on the property of Small World Montessori Method School V. Inc.

3. Unfortunately for Plaintiff, there was insufficient property at the corporation to satisfy the judgment. Said property is pending the additional costs of placing said items up for auction.

4. Furthermore, based on representations by Defendants, it appears that there are insufficient funds in the Corporate Defendant's bank account to satisfy the judgment.

5. Co-Defendant Ammir Vayani runs the day to day operations of the Corporate Defendant, Small World Montessori Method School V Inc.

6. Upon information and belief, it is believed that the individual Defendant may be diverting funds from the Corporate Defendant, for personal gain and/or other business ventures.

7. Upon information and belief, funds for the upcoming school year and summer camp run at Defendant's facility are currently being collected by Defendants.

8. To insure the assets remain intact in order to satisfy the judgment, Plaintiff respectfully requests that a temporary receiver be appointed until the judgment is satisfied and that the individual Defendant be barred from handling the finances of the Corporate Defendant.


### **Memorandum of Law**

"Appointment of a receiver in federal court is a matter of federal law. Fed. R. Civ. P. 66; *National P' ship Inv. Corp. v. National Hous. Dev. Corp.,* 153 F.3d 1289, 1291 (11th Cir.1998)." *Marolax Handels-Und Verwaltungsgesellschaft MBH v. 898 5th Ave. S. Corp.,* 2:06CV691-FTM-29SPC, 2009 WL 1660036, at *1 (M.D. Fla. June 15, 2009). "Appointment of a receiver is warranted when "such an appointment is necessary" *Watkins,* 934 F.2d at 1187, after considering and weighing the potential harm to the parties (citations omitted)" *Id.* at 1.

> If an execution cannot be satisfied in whole or in part for lack of property of the defendant corporation subject to levy and sale, on motion of the judgment creditor the circuit court in chancery within whose circuit such corporation is or has been doing business, or in which any of its effects are found, may sequestrate the property, things in action, goods and chattels of the corporation for the purpose of enforcing the judgment, and may appoint a receiver for the corporation. A receiver so appointed is subject to the rules prescribed by law for receivers of the property of other judgment debtors. His or her power shall extend throughout the state.

Fla. Stat. § 56.10.

The decision to appoint a receiver lies within the discretion of the Court, *Consolidated Rail Corp. v. Fore River Railway Co.,* 861 F.2d 322, 326 (1st Cir.1988). Factors the court may consider in the appointment of a receiver are: 1) whether fraudulent activity has occurred or will occur, 2) the validity of the claim, 3) the danger that property will be lost or diminished in value, 4) inadequacy of legal remedies, 5) availability of a less severe equitable remedy, and 6) the probability that a receiver may do more harm than good, *Consolidated Rail Corp.*, at 326-27, cited with approval in *National Partnership Investment Corp.,* 153 F.3d at 1291.

In analyzing the first prong, courts have held that proof of fraud is not required to support a district court's discretionary decision to appoint a receiver. *Aviation Supply Corp. v. R.S.B. I. Aerospace, Inc.*, 999 F.2d 314 (8th Cir. 1993) (appointment of receiver was appropriate where transactions of judgment debtor, while not proven fraudulent or otherwise improper, bore badges of fraud: transfer pending the writ of execution and transfer to a relative); see*, Chase Manhattan Bank, N.A. v. Turabo Shopping Center, Inc.*, 683 F.2d 25, 27 (1st Cir. 1982) (appointment of receiver appropriate where evidence showed unfair and arguably fraudulent dealing on part of debtor, and likelihood of continuing injury to creditor's interests). As Plaintiff continuous with the collection of said judgement, it is likely that fraudulent activities will occur in order to avoid payment of the underlying judgment, particularly when Defendant and his family members are involved in running several similar schools.

The second prong is not an issue in the present case, as this Court entered the judgment that is the subject of this Motion.

As the individual Defendant and his family members operate several of the same schools, it is probable that the property, or functioning of the school, will be diminished in value. Another

similar school can be created, or students and funds diverted to another school. For example, funds meant for one school can easily be diverted to another school in order to avoid the judgment.

As it relates to the fourth and fifth prongs, it has been demonstrated that absent the appointment of a receiver, there are no more remedies available in order to satisfy this judgment, and any lessor remedy is not available under the circumstances.

Under the present circumstances, a receiver will do more good than harm, as said receiver, despite the cost, will undertake the responsibility to insure that the corporation's responsibilities are satisfied and that the underlying judgment is satisfied. Said receiver will also insure that the funds intended for said corporation will not be diverted in order to line the pockets of the individual Defendant or be diverted to other entities.

Wherefore, Plaintiff respectfully requests that the Court enter an Order appointing a receiver to handle the daily finances of the Defendant Corporation.

Respectfully Submitted,
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Zabogado@aol.com

By:__/s/ J.H Zidell_____
      J,H, Zidell, Esq.
      Florida Bar Number: 0010121

## <u>CERTIFICATE OF SERVICE:</u>

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Appoint

Receiver was served via Email to Defendants c/o Ammir Vayani at 4888 NW 183rd Street, #114,

Miami Gardens, Florida 33055, email mr.ammirsmallworldmontessori@yahoo.com on this 24th

day of June, 2015.


J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Zabogado@aol.com

By:__/s/ J.H Zidell_____
     J,H, Zidell, Esq.
     Florida Bar Number: 0010121