**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 14-20879-CIV-EGT**

RITA NILDA SAAVERDRA MACEDO,
and all others similarly situated under 29
U.S.C. 216(B),

       Plaintiffs,

v.

SMALL WORLD MONTESSORI
METHOD SCHOOL V, INC. and
AMMIR VAYANI,

       Defendants.

**DEFENDANT SMALL WORLD MONTESSORI METHOD SCHOOL V, INC.'S
MOTION TO VACATE DEFAULT JUDGMENT**

Defendant, Small World Montessori Method School V, Inc. ("Small World"), by and through undersigned counsel, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the authority cited herein, moves this Court to vacate the Default Judgment entered against Small World, and in support thereof, states as follows:

**Background**

1. On March 7, 2014, Plaintiff filed a two count complaint against Defendants seeking relief under the Fair Labor Standards Act for Defendants' alleged failure to pay Plaintiff overtime wages and for battery (D.E. 1).

2. On April 2, 2014, Defendants answered the complaint raising various affirmative defenses and denying Plaintiff's allegations of any wrongdoing (D.E. 6).

3.      On February 6, 2015, counsel for Defendants withdrew.

4.      The Order granting the motion to withdraw required Small World to retain counsel by February 27, 2015 (D.E. 32).[1]

5.      On March 25, 2015, Plaintiff moved for default against Small World for its failure to retain counsel by February 27, 2015 (D.E. 35).

6.      On March 27, 2015, the Court granted the motion for default, ordered Plaintiff to file a motion for final default judgment, and further ordered Small World to show cause why a default judgment should not be entered against it by April 9, 2015 (D.E. 37).

7.      Of significance, Plaintiff failed to timely respond to the Court's Order dated March 27, 2015, later claiming good cause existed to extend the deadline to permit Plaintiff to seek a default judgment against Small World after the Court's deadline had passed.[2]

8.      On April 3, 2015, Defendant Ammir Vayani ("Vayani") filed a motion for continuance seeking, among other things, additional time to retain counsel on behalf of Small World (D.E. 40).  Vayani's request was denied without prejudice (D.E. 41).

9.      On April 14, 2015, a joint motion was filed seeking additional time to respond to the Court's Order dated March 27, 2015 (D.E. 42).  The joint motion was granted (D.E. 44).

10.      On April 20, 2015, a Settlement Conference was held, which was attended by Plaintiff and her counsel along with Vayani on behalf of himself personally and on behalf of Small World.  A settlement, however, was not reached (D.E. 48).

11.      On June 1, 2015, a Default Judgment was entered against Small World for its failure to retain counsel (D.E. 62).

---

[1] Small World was given twenty-one days to retain counsel.
[2] Small World also failed to timely respond to the Court's Order dated March 27, 2015, because Ammir Vayani was under the mistaken impression that only Plaintiff was required to respond to the Court's Order.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

## Argument

The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also Leaderstat, LLC v. Abisellan*, 252 F.R.D. 698, 700 (M.D. Fla. 2007) ("Where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

A party's "Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision on the merits of a case." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). Further, "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). The Court of Appeals "has noted that the rule is applied most liberally to judgments in default." *Id.* at 403.

Rule 60(b) permits relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). In addition to demonstrating the presence of one of these grounds, a defendant seeking to set aside a judgment must show that it has a meritorious defense to the claim and that vacating

3

the judgment will not result in significant prejudice to the plaintiff.  *See Fla. Physician's Ins. Co.*, 8 F.3d at 783.

## **Excusable neglect**

Federal Rule of Civil Procedure 60(b)(1) permits a court to overturn a default because of "mistake, inadvertence, surprise, or excusable neglect."   In accessing a claim of excusable neglect, courts typically make three inquiries: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *State Street Bank & Trust Co. v. Inversiones Errazuriz, Limitada*, 230 F.Supp.2d 313 (S.D.N.Y. 2002).   Further, excusable neglect is understood to encompass situations in which the failure to comply with a deadline is attributable to negligence. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).  "Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Id.*

"More generally, '[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point … 'to leave undone or unattended to especially through carelessness.'"  *Jennings v. Rivers*, 394 F.3d 850 (10th Cir. 2005) quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship*, 507 U.S. 380, 388 (1993).  Relevant factors used in determining whether excusable neglect exists includes, the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* at 856.   Also considered is whether the moving party's

underlying claim is meritorious[3] and whether the mistake was a single unintentional incident or a pattern of deliberate delay. *Id.* at 857.

Here, Defendant Small World failed to retain counsel after being ordered by the Court to do so.[4]  Small World's failure to retain counsel was in no way an act of deliberate disrespect for the Court or its Orders.  Rather, Small World had ongoing financial issues due to the costs associated with defending this lawsuit making it difficult to retain counsel within the permitted timeframe.  Small World was granted twenty-one days to retain counsel after its counsel withdrew.  Unfortunately, this was not enough time for Small World to retain counsel.  Small World requested more time from the Court to retain counsel due to these financial issues on April 3, 2015; however, the request was not made until after the default was entered on March 27, 2015 several days earlier.  While the Court denied the request for additional time, the denial was without prejudice.[5]

As mentioned, the Court granted the motion for default on March 27, 2015, which also required Plaintiff to file the motion for default judgment by April 9, 2015.  It also ordered Small World to show cause why a default judgment should not be entered against it.  While Small World did not respond to the March 27, 2015 Order, its action were not deliberate or willful.  Rather, Vayani was operating under the mistaken belief that only Plaintiff was required to comply with the Order.  Of significance however, Plaintiff, like Small World, also failed to timely comply with the Court's March 27, 2015 Order.

Thereafter, on April 14, 2015, the parties filed a joint motion for continuance to comply with the Court's March 27, 2015 Order and to file the pre-trial stipulation that was also not filed

---

[3] Small World and Vayani raised various affirmative defenses in response to Plaintiff's claims, including that Plaintiff was exempt.
[4] Prior to that time, Small World had not failed to comply with prior Court deadlines.
[5] There is no written order so it is unclear why the request was denied without prejudice.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

by the Court's deadline.  In seeking an extension of time, Plaintiff claimed good cause existed because she was under the mistaken impression that Small World's motion for continuance and the Court's Order scheduling the Settlement Conference stayed the pending requirements and one of the attorneys representing Plaintiff resigned.[6]  Plaintiff further claimed the failure was not willful but inadvertence.  The extension was granted.  While the Order also provided Small World with additional time, Small World, as mentioned, was under the mistaken impression that only Plaintiff was required to respond to the Court's Order.

On April 20, 2015, the parties attempted to resolve the outstanding issues among them but were unable to do so.  On April 21, 2015, Plaintiff filed a motion for default judgment.  The motion was granted and a Default Judgment was entered against Small World on June 1, 2015.

Such actions by Small World do not demonstrate a pattern of deliberate dilatoriness and delay.  Rather, they show a party trying to comply with the Court's Order and to correct the mistake in not retaining counsel by the Court's deadline.  It also shows Small World's confusion and ignorance to the judicial process instead of a willful disregard, and where a failure to comply with a court order results from confusion and ignorance rather than a willful disregard of the judicial process, a default judgment should not be entered as a sanction. *H.E. Roberts v. Rehoboth Pharmacy, Inc.*, 574 F.2d 846, 848 (5th Cir. 1978) (motion to vacate default judgment should have been granted where default was entered as a result of defendant's failure to file a notice of appearance of counsel where defendant mistakenly believed he complied with the court's order describing his efforts to retain counsel); *see also CA United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (11th Cir. 1979) (default judgment should not have been entered as a sanction where defendant's refusal to respond to deposition questions was the result of

---

[6] Small World's motion for continuance was denied prior to the requested extension.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

defendant's misunderstanding of attorney's advice regarding the Fifth Amendment privilege).

Plaintiff herself missed two Court deadlines but was given the benefit of the doubt after claiming such failures were mistakes and constituted good cause. Small World admits that it did not retain counsel by the Court's deadline because of its financial inability to do so at the time; however, Vayani requested a continuance from the Court to comply with the Court's Order. Such actions by Small World, albeit untimely, demonstrate that an effort was being made to comply. Small World's actions were no more willful than Plaintiff's actions in failing to adhere to Court's deadlines, and as such, Small World requests that this Court vacate the Default Judgment because of its excusable neglect.

## Meritorious defense

Small World has raised meritorious defenses to Plaintiff's claims. "To qualify as a meritorious, a defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996). "All that is necessary to establish a meritorious defense is a presentation or proffer of evidence, which if believed, would permit either the Court or jury to find for the defaulting party." *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Likelihood of success is not the measure to determine whether a defaulting party has set forth a meritorious defense, rather, if any defense advanced is good at law, then a meritorious defense has been established. *Amernational Indus, Inc. v. Action-Tungstram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991). Moreover, where a default judgment is entered because of the defendant's failure to follow a court order, and that failure is due to excusable neglect or mistake rather than willful disregard, a mere hint of a meritorious defense is sufficient. *CA United Artists Corp. v. Freeman*, 605 F.2d at 857 n. 4; *see also Amernational Indus, Inc.*, 925 F.2d at 977 ("The defense is

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

sufficient if it contains 'even a hint of suggestion' which, if proven at trial, would constitute a complete defense").

Here, Small World answered Plaintiff's complaint and raised numerous affirmative defenses. For example, Small World asserted that Plaintiff was exempt, that Plaintiff's claims for liquidated damages are barred because Defendants' actions were in good faith and with reasonable grounds for believing its actions were not in violation of the law, and that Plaintiff had unclean hands. During all relevant times, Plaintiff was Small World's Head Secretary but her job duties were more akin to an executive administrative assistant.[7]  Plaintiff supervised certain staff members, she handled Small World's payroll, ordered supplies and materials for Small World without any preapproval requirement, had significant say in whether certain staff members were hired, fired, or promoted, and she, for the most part, with the exception of certain weeks, earned more than $455.00 per week.[8]  Plaintiff created the forms used by Small World to record employee time, among other forms, which included verification that all time was accurate. She was also responsible for ensuring that these forms were completed and signed by the other Small World employees. For Plaintiff to now claim that she is owed over $100,000.00 in overtime wages (including liquidated damages) is simply disingenuous and without truth. Moreover, Plaintiff's time records and payment history directly contravene Plaintiff's allegations reflecting that Plaintiff if anything is only owed $119.96.

With regard to Plaintiff's battery claim, discovery has been taken on this issue and other than the Plaintiff's own self-serving testimony no other employee corroborates her version of

---

[7] The Declaration of Vayani is attached hereto as Exhibit "1," which contains sworn statement of facts showing the numerous factual defenses to Plaintiff's claims. *In re Stone*, 588 F.2d 1316, 1319-20 (10th Cir. 1978) (factual allegations necessary to support a meritorious defense may be satisfactorily presented in the motion to vacate the default judgment, the answer, or attached affidavits).

[8] Vayani's Declaration and attached exhibits show that Plaintiff is owed 7.27 hours of overtime wages or $119.96.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

facts.  To the contrary, other Small World employees who saw Plaintiff after the alleged incident deny having seen Plaintiff suffer the injuries she claims.  Indeed, these employees indicate that Plaintiff did not appear injured and she made no mention of any physical altercation between her and Vayani.

In addition, Plaintiff claims damages for 165 weeks totaling $109,106.24 (D.E. 50).  The statute of limitations for an overtime claim is two years which is only extended to three years for willful violations. 29 U.S.C. §255(a); *Rodriguez v. Cap World*, Inc. of Fla., 2014 WL 1378097*3 (M.D. Fla. April 8, 2014).  Since there are fifty-two weeks in a year, even assuming Plaintiff prevailed on the merits and it was established that Defendants' noncompliance was willful, she is only entitled to 156 weeks of overtime pay which totals $103,155.00 not $109,106.24.  For these reasons, Small World has meritorious defenses to Plaintiff's claims.

<u>**Prejudice to Plaintiff**</u>

In addition, there is no prejudice to Plaintiff if the Default Judgment is vacated.  Having to try her claims against both Defendants on the merits is not prejudicial especially when the claims are identical and Plaintiff has yet to try her claims against Vayani.  Further, since the Plaintiff must still present and try her claims against Vayani, vacating the default judgment will have no impact on the judicial proceedings.  There will also be no delay as the trial against Defendant Vayani is currently scheduled for later this year.

<u>**Other reasons justifying relief**</u>

A motion premised on Rule 60(b)(6) untethers the discretion of judges from the constraints of common law remedies and grants broad remedial power to vacate judgments where justice so requires:

> [FRCP] 60(b) strongly indicates that courts no longer are to be
> hemmed in by the uncertain boundaries of … common law

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

> remedial tools.   In simple English, the language of the 'other
> reason' clause, for all reasons except the five particularly specified
> in [FRCP 60(b)(1) through 60(b)(5)], vests power in courts
> adequate to enable them to vacate judgments whenever such action
> is appropriate to accomplish justice.

*Shoshone-Bannock Tribes of Fort Hall Reservation v. Leavitt*, 408 F.Supp.2d 1073 (D. Or. 2005)

quoting *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949) (court vacating judgment where

judgment would result in the denial of CSC payments to some 300 tribes across the United States

but not the Shoshone-Bannock Tribes).

In the case at bar, Plaintiff filed a two count complaint against both Small World and

Vayani.  One count seeks relief against both Defendants for the alleged failure to pay Plaintiff

overtime wages and the second count seeks relief against both Defendants for battery.   The

claims are identical.  It is entirely possible that Vayani could prevail at trial.  Since Small World

and Vayani are similarly situated, it would be inconsistent and unfair to permit Plaintiff to

prevail against Small World due to its default and at the same time deny Plaintiff judgment

against Vayani.  Indeed, if Plaintiff fails to prove her claims against Vayani, it is axiomatic that

she would not be able to prevail against Small World.

It is sound policy, when "defendants are similarly situated," that "judgment should not be

entered against a defaulting defendant if the other defendant prevails on the merits.  *Gulf Coast*

*Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499 (11th Cir. 1984) (default judgment was

vacated in part because it would be incongruous and unfair to allow plaintiff to collect on a

default judgment where the jury found the contract was breached by the another defendant).

Even when defendants are similarly situated, but not jointly liable, judgment should not be

entered against a defaulting defendant if the other defendant prevails on the merits. *Id.* citing C.

Wright & A. Miller, *Federal Practice and Procedure*, §2690.   In this case, Plaintiff should not

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

be permitted an underserved windfall for Small World's mistake. *See id.*   Respectfully, the Default Judgment should be vacated and the Plaintiff's claims tried on the merits.

Moreover, matters involving large sums of money should be determined on the merits whenever possible, particularly where actual damages are to be trebled pursuant to statute, and all doubts should be resolved in favor of setting aside the judgment. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951); *Bieganek v. Taylor*, 801 F.2d 879, 881 (7th Cir. 1986) (size of judgment should be considered on a motion to vacate a default judgment particularly where actual damages are to be trebled and attorneys' fees then added).   Here, Plaintiff not only has a judgment that awards her more damages than she is entitled to by law, it also includes liquidated damages and attorneys' fees that will then be added.   Indeed, the Default Judgment imposes significant loss on Small World.   Having to pay $109,106.24 without being able to present its defenses at trial or summary judgment after litigating and defending the claims for over a year where Plaintiff herself has missed at least two Court deadlines should be deemed incongruous and unfair, and as such, the Default Judgment vacated.  *See Gulf Coast Fans, Inc.*, 740 F.2d at 1512.

<u>**Conclusion**</u>

"In this Circuit, there is a distinct preference for a trial on the merits as opposed to a judgment by default." *Monticello Ins.*, 2005 WL 3019241 at 5 (citing *Gen. Tel. Corp. v. General Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960)). "Thus, all doubts should be resolved in favor of trial.  Indeed, the entry of a default judgment is to be the very last resort, ordered as a sanction, for noncompliance with a court order only if such noncompliance is due to willful or bad faith disregard of a court order.  *U.S. v. Certain Real Prop. Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1317 (11th Cir. 1997).   For the reasons stated above, Small World

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

requests that this Court grant Small World's Motion and vacate the Default Judgment entered against it.

WHEREFORE, Small World requests that this Court grant its Motion and vacate the Default Judgment entered against it, require Plaintiff to return Small World's property, dissolve the Writ of Execution and the Writ of Garnishment as well as all other relief deemed just and proper.

## Certificate of Conference

Pursuant to Local Rule 7.1(a)(3), Small World has conferred with counsel for Plaintiff  in a good faith effort to resolve the issues raised herein but was unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Vacate Default Judgment was sent via CM/ECF to: **J.H. Zidell, Esq.**, J.H. Zidell, P.A. (Counsel for Plaintiff), 300 71st Street, Suite 605, Miami Beach, FL  33141, zabogado@aol.com; **Daniel T. Feld, Esq.**, Daniel T. Feld P.A. (Counsel for Plaintiff), 20801 Biscayne Blvd., Suite 403, Aventura, Fl 33180, danielfeld.esq@gmail.com; and **Max A. Goldfarb, Esq.**, 19 West Flagler Street, Suite 703, Miami, FL  33130, max@maxgoldfarb.com, this 27th day of July 2015.

BECKER & POLIAKOFF, P.A.
Attorneys for Defendants
Bank of America Centre
625 N. Flagler Drive, 7th Floor
West Palm Beach, FL  33401
Telephone:  (561) 655-5444
Facsimile:  (561) 832-8987
jdokovna@bplegal.com

By:   /s/ Jamie Dokovna
      Jamie B. Dokovna, Esq.
      Florida Bar No. 592722

ACTIVE: V22455/370432:7288682_1