UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20879-Civ-TORRES

RITA NILDA SAAVEDRA MACEDO,
and all others similarly situated under 29
U.S.C. 216(B),

    Plaintiff,

v.

SMALL WORLD MONTESSORI
METHOD SCHOOL V, INC. and
AMMIR VAYANI,

    Defendants.

_____/

### ORDER GRANTING MOTION TO SET ASIDE
### DEFAULT JUDGMENT

This cause is before the Court on Defendant Small World Montessori Method School's Motion to Vacate Entry of Default and Default Judgment [D.E. 76]. The motion is opposed by Plaintiff, who seeks to enforce the Court's earlier entry of default judgment through an entry of a Rule 54 judgment and an Order appointing a Receiver, in order to enforce the Plaintiff's rights under the default judgment. Upon considering the parties' arguments and the record in the case, the Motion to vacate is Granted in part.

## I.     BACKGROUND

On March 7, 2014, Plaintiff filed a two count complaint against Defendants seeking relief under the Fair Labor Standards Act for Defendants' alleged failure to pay Plaintiff overtime wages and for battery [D.E. 1].  On April 2, 2014, Defendants answered the complaint raising various affirmative defenses and denying Plaintiff's allegations of any wrongdoing [D.E. 6].

On February 6, 2015, counsel for Defendants withdrew.  The Court's Order granting counsel's motion to withdraw required Small World to retain counsel by February 27, 2015. [D.E. 32].  Small World could not represent itself on a pro se basis and had to be represented through counsel of record.  Small World failed to retain counsel and failed to comply with the Order.  As a result, on March 25, 2015, Plaintiff rightly moved for default against Small World for its failure to retain counsel as Ordered.  [D.E. 35].

On March 27, 2015, the Court granted the motion for default, ordered Plaintiff to file a motion for final default judgment, and further ordered Small World to show cause why a default judgment should not be entered against it by April 9, 2015. [D.E. 37].  Plaintiff failed to timely respond to the Court's Order dated March 27, 2015, later claiming good cause existed to extend the deadline to permit Plaintiff to seek a default judgment against Small World after the Court's deadline had passed.

On April 3, 2015, Defendant Ammir Vayani ("Vayani") filed a pro se motion  for continuance seeking, among other things, additional time to retain counsel on behalf of Small World. [D.E. 40].  Vayani's request was denied without

prejudice. [D.E. 41]. Then on April 14, 2015, another motion was filed seeking additional time to respond to the Court's Order entered March 27, 2015. [D.E. 42]. That joint motion was granted. [D.E. 44].

On April 20, 2015, a Settlement Conference was held, which was attended by Plaintiff and her counsel along with Vayani on behalf of himself personally and on behalf of Small World. A settlement, however, was not reached. On June 1, 2015, the Court then entered a Default Judgment against Small World for its failure to retain counsel and failure to comply with the Court's Order. [D.E. 62].

The pending motion was then filed on July 27, 2015, after Small World was finally able to retain counsel of record, who entered an appearance on June 29, 2015. The motion seeks to vacate the default and default judgment on the grounds that Small World's failure to answer was not intentional, was the result of financial hardship, and could now be cured if given a chance. Small World argued that it had meritorious defenses to pursue in defense of the FLSA claims, which would not prejudice Plaintiff who still had to litigate her FLSA claim against Vayani individually.

Plaintiff vehemently opposed the motion on the ground that Small World made an intentional decision not to hire counsel, despite the various Court orders that directed it to retain counsel. Plaintiff concludes that Small World knowingly allowed itself to go into default and to have a default judgment entered against it. Plaintiff theorizes that it was only when collection measures were initiated to enforce the judgment that Small World sought to rectify the situation and attempt

to find counsel. Plaintiff concludes that this record does not support a showing of excusable neglect sufficient to warrant setting aside the default and default judgment.

## II.   ANALYSIS

A party seeking to set aside a court's entry of default judgment must proceed under Federal Rule of Civil Procedure 60(b). *See, e.g., Davila v. Alcami Grp., Inc.*, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013) (citation omitted). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citation and quotation omitted). The first five provisions of Rule 60(b) offer relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence. Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for "any other reason that justifies relief."

### A.   *The Defendant Is Not Entitled To Relief Under Rule 60(b)(1)*

To set aside a default judgment for mistake, inadvertence, or excusable neglect, the defaulting party must show that (1) it had a meritorious defense that might have affected the outcome, (2) granting the motion would not prejudice the opposing party, and (3) good reason existed for failure to respond to the complaint. *Davila v. Alcami Grp., Inc.*, 2013 WL 1934168 at *3. The moving party must establish a meritorious defense "by a clear and definite recitation of the facts." *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987). "A general

denial of the plaintiff's claims contained in an answer or another pleading is not sufficient." *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007). Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (citation omitted).

We agree with Plaintiff that the decision to ignore the Court's warnings to retain counsel or face default cannot be treated as a mistake or excusable neglect. It was not neglect at all; instead, it was a knowing and voluntary decision to not comply with the requirements of the law. That decision was not, of course, intended as an affront to the Court's authority. The Court certainly accepts Small World's explanation in that regard. Rather it was an economic decision, pure and simple. But the fact that an economic hardship motivated or otherwise forced the decision not to retain counsel does not make it any less intentional or voluntary.

Consequently, the Court cannot rely on Rule 60(b)(1) as a basis to vacate the default judgment because it can never find that economic hardship, alone, is a "good reason" to not retain counsel and not answer as required by the Federal Rules of Civil Procedure.

### B.     *The Defendant Is Entitled To Relief Under Rule 60(b)(6)*

Rule 60(b)(6) allows a court to relieve a party from a final judgment for 'any other reasons that justifies relief." As the Eleventh Circuit has explained, "Rule

60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" *Aldana,* 741 F.3d at 1355 (quoting *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006)). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984). But even then, "whether to grant the requested relief is a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.,* 235 F. 3d 1307, 1317 (11th Cir. 2000).

The Court is persuaded, upon a fresh review of the case, that Small World can show extraordinary circumstances rendering it possible for the catchall provision of Rule 60(b)(6) to apply. It has shown that absent relief an extreme hardship would result. The Court's earlier Order entering default judgment against Small World overlooked an important consideration. The entry of a default judgment, even if otherwise warranted, may be inappropriate if it will result in inconsistent judgments. *See Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps.,* 740 F.2d 1499, 1512 (11th Cir.1984); *Rodriguez v. Guacamole's Authentic Mexican Food & More*, LLC, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (Cohn, J.); *Michaud v. U.S. Steakhouse Bar & Grill, Inc.,* 2007 WL 1696014, at *1 (M.D. Fla. June 12, 2007). The possibility of inconsistent judgments may arise when defendants are jointly and severally liable or have closely related defenses, as they do in FLSA cases like this one where a corporate entity and its individual principal are sued together. *Rodriguez,* 2012 WL 718688, at *2 (citations omitted). As Judge Cohn persuasively

explained in *Rodriguez,* "[m]odern courts have interpreted *Frow* to stand for the following proposition: [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved." *Id.* (quoting *Farzetta v. Turner & Newall, Ltd.,* 797 F.2d 151, 154 (3d Cir. 1986)).

> As a result, Judge Cohn vacated a default:
>
> because a corporate defendant can act only through its employees and agents, the FLSA claim asserted against [the defaulted corporate Defendant] is based on allegations regarding the other individual Defendants' actions. . . . Accordingly, the defenses of the individual Defendants will be "closely related" to the defenses of [the defaulted corporate Defendant] and a default judgment against [that corporate Defendant] would be inconsistent if the individual Defendants defeat the claims against them in this action. Therefore, the Court will deny Plaintiff's Motion without prejudice, pending adjudication of this case on the merits.

*Rodriguez,* 2012 WL 718688, at *3.

The Court admittedly overlooked this well accepted and persuasive analysis when it entered its original default judgment. The Court's failure to appreciate this issue contributed to unnecessary litigation, for which it apologizes to Plaintiff. But be that as it may, the Court feels constrained to apply the correct rule of law now, which is certainly appropriate given that the earlier default judgment remains an interlocutory Order, and because these circumstances do indeed present a compelling and exceptional circumstance that, in the Court's discretion, may give rise to Rule 60(b)(6) application.

Given this record, the appropriate measure now is to vacate the default judgment but not the default. The corporate defendant remains in default and may not defend the action at trial. But, judgment should not be entered against it until such time as the related issues confronting the individual defendant (who has not defaulted) are adjudicated. If the individual defendant prevails at trial, judgment against the corporate defendant may not come to pass. But, on the other hand, if the individual defendant is also found liable at trial on the FLSA claims, the corporate defendant's liability will be established to the same extent. That was the remedy that Judge Cohn approved in Rodriguez and which we enforce now in this case.

**DONE** and **ORDERED** in Chambers, Miami, Florida this 31st day of March, 2016.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge