UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-20879-CIV-EGT

RITA NILDA SAAVERDRA MACEDO,
and all others similarly situated under 29
U.S.C. 216(B),

    Plaintiffs,

v.

SMALL WORLD MONTESSORI
METHOD SCHOOL V, INC. and
AMMIR VAYANI,

    Defendants.

### DEFENDANT SMALL WORLD MONTESSORI METHOD SCHOOL V, INC.'S MOTION TO DISSOLVE WRIT OF GARNISHMENT, DEMAND FOR RETURN OF PROPERTY, AND INCORPORATED MEMORANDUM OF LAW

Defendant, Small World Montessori Method School V, Inc. ("Small World"), by and through undersigned counsel, pursuant to Rule 69 of the Federal Rules of Civil Procedure and the authority cited herein, moves this Court to dissolve the writ of garnishment entered against it, and in support thereof, states as follows:

### Background

1. On June 1, 2015, a Default Judgment was entered against Small World for its failure to retain counsel (D.E. 62).

2. On June 24, 2015, a writ of execution was entered (D.E. 64) and Plaintiff also filed a motion for writ of garnishment judgment (D.E. 65), for which a writ was entered the same day (D.E. 66).

CASE NO.: 14-20879-CIV-T

3. On July 27, 2015, Small World moved this Court to vacate the Default Judgment previously entered against it (D.E. 76).

4. On August 10, 2015, Plaintiff filed a motion for final judgment as to garnishee Bank of America (D.E. 79), which still holds certain monies that belong to Small World.

5. On September 23, 2015, a sale was conducted by the U.S. Marshal's Service, wherein certain property belonging to Small World was seized, which is now believed to be in the possession of Plaintiff and/or Plaintiff's counsel (D.E. 82).

6. On October 8, 2015, Plaintiff filed a request for confirmation of sale (D.E. 84).

7. On October 9, 2015, the Clerk's office filed a confirmation of sale (D.E. 85).

8. On March 31, 2016, the Court granted Small World's motion vacating the Default Judgment that was previously entered against it (D.E. 93), and thereafter issued a paperless Order to vacating the Default Judgment (D.E. 95).

9. Since the occurrence of the above referenced events, undersigned counsel has confirmed that Bank of America still holds Small World's funds and requires the dissolution of the writ before the funds will be released to Small World.

10. The undersigned has also reached out to counsel for the Plaintiff regarding the return of Small World's property (as well as the dissolution of the writ) to no avail.

**Argument**

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, the procedure on execution and in proceedings supplementary to and in aid of judgment or execution must be in accordance with the procedure of the state where the federal court is located. In that regard, the statutory remedy of garnishment is governed by the procedures set forth in Chapter 77 of the Florida Statutes. *Gigliotti Contracting North, Inc. v. Traffic Control Productions of N. Fla., Inc.*, 788

CASE NO.: 14-20879-CIV-T

So.2d 1013 (Fla. 2d DCA 2001). Pursuant to §77.07(1), Fla. Stat. (2011), a "defendant, by motion, may obtain the dissolution of a writ of garnishment, unless the petitioner proves the grounds upon which the writ was issued…"

Here, monies and property belonging to Defendant Small World are being held pursuant to a Default Judgment that no longer exists and has been vacated by this Court. Specifically, Bank of America is withholding funds pursuant to Plaintiff's writ of garnishment that belong to Small World. Further, it is believed that Plaintiff and/or her counsel still retain possession of Small World's property that was seized by the U.S. Marshals. This property and these funds lawfully belong to Small World and not Plaintiff and/or her counsel. As such, Small World requests that this Court dissolve the writ of garnishment so that the funds held by Bank of America may be returned to it and further requests that Plaintiff and/or her counsel be required to return Small World's property that was seized by the U.S. Marshal.

## Conclusion

WHEREFORE, Small World requests that this Court grant its motion, dissolve the writ of garnishment entered against it, require that Small World's property be returned to it, and that Plaintiff's Motion for Final Judgment as to Garnishee Bank of America (D.E. 79) be denied as moot, as well as all other relief deemed just and proper.

## Certificate of Conference

Pursuant to Local Rule 7.1(a)(3), Small World has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein but was unable to do so.

CASE NO.: 14-20879-CIV-T

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dissolve Writ of Garnishment was sent via CM/ECF to: **J.H. Zidell, Esq.**, and Rivkah.Jaffe@gmail.com at J.H. Zidell, P.A. (Counsel for Plaintiff), 300 71st Street, Suite 605, Miami Beach, FL 33141, zabogado@aol.com; **Daniel T. Feld, Esq.**, Daniel T. Feld P.A. (Counsel for Plaintiff), 20801 Biscayne Blvd., Suite 403, Aventura, Fl 33180, danielfeld.esq@gmail.com; **Max A. Goldfarb, Esq.**, 19 West Flagler Street, Suite 703, Miami, FL 33130, max@maxgoldfarb.com, and **Allyson Morgado,** J.H. Zidell, P.A. (Counsel for Plaintiff), 300 71st Street, Suite 605, Miami Beach, FL 33141, amorgado.jhzidell@gmail.com this 27th day of September 2016.

       BECKER & POLIAKOFF, P.A.
       Attorneys for Defendants
       Bank of America Centre
       625 N. Flagler Drive, 7th Floor
       West Palm Beach, FL 33401
       Telephone: (561) 655-5444
       Facsimile: (561) 832-8987
       jdokovna@bplegal.com

       By: /s/ Jamie Dokovna
           Jamie B. Dokovna, Esq.
           Florida Bar No. 592722

ACTIVE: V22455/370432:8601997_1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
BANK OF AMERICA CENTRE • 625 N. FLAGLER DRIVE, 7TH FLOOR • WEST PALM BEACH, FL 33401
TELEPHONE (561) 655-5444