UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20879-CIV-COOKE/TORRES

RITA NILDA SAAVEDRA MACEDO, *and all others similarly situated under 29 U.S.C. 216(B)*,

        Plaintiff,

vs.

SMALL WORLD MONTESSORI METHOD SCHOOL V INC.,
AMMIR VAYANI,

        Defendants.
_____

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISSOLVE WRIT OF GARNISHMENT

Plaintiff, by and through the undersigned counsel, hereby files this Motion to Strike Defendants' Motion to Dissolve Writ of Garnishment, and states the following in support thereof:

### Introduction

1. On June 24, 2015, after entry of Final Judgment against the Defendants, a Writ of Garnishment was issued as to Garnishee, Bank of America, N.A. in the amount of $ 109,106.24. DE 66.

2. On June 26, 2015, Garnishee, Bank of America, NA, filed its Answer to the Writ of Garnishment. DE 69

3. On March 31, 2016, an Order was entered vacating the Final Judgment. DE 95.

4. ***Over a year after* Garnishee filed its' Answer**, Defendants filed a Motion to Dissolve Writ of Garnishment. DE 101

5. **Defendants Motion is untimely and therefore should be stricken.**

## MEMORANDUM OF LAW

### I.  Defendants' Motion to Dissolve Writ of Garnishment is untimely and should be stricken pursuant to Fla. Stat. §77.07(2).

Writs of garnishment are governed by Rule 69 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 69(a)(1) ( ". . . procedure on execution, in proceedings supplementary to and in aid of a judgment, ... **must accord with the procedure of the state where the court is located**, but a federal statute governs to the extent it applies"). As such, Florida law applies to the writ in question to the extent that it does not conflict with federal law.

**Florida law requires garnishment statutes to be strictly construed.** Bernal v. All American Inv. Realty, Inc. 2009 WL 586010 (S.D. Fla. 2009) (*quoting* Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc., 788 So.2d 1013, 1016 (Fla. 2d DCA 2001)) (*emphasis added*).

Fla. Stat. 77.07(2) states in pertinent part:

> "The defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, **shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant** and such other person of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue. On such motion this issue shall be tried, and if the allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved. **Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court**, and the proceedings shall be in a default posture as to the party involved.

In the instant case, Plaintiff filed notices with the Court of providing the statutory notices to Defendants pursuant to Fla. Stat. § 77.055. [DE 70, 71] The date indicated on the Certificate of Service is June 29, 2015. **Defendants did not file and serve its Motion to Dissolve Writ of Garnishment until over one year later**. As such, Defendants' Motion is incredibly untimely.

Defendants' failure to timely file said Motion within the required limitation should result in the striking of the Motion pursuant to Fla. Stat. 77.07(2).

WHEREFORE, Plaintiff hereby respectfully requests this Honorable Court to strike Defendants' Motion to Dissolve Writ of Garnishment, and any other relief this Court deems just and reasonable under the law.

### CERTIFICATE OF CONFERRAL RULE 7.1(a)(3)

I HEREBY CERTIFY that I have conferred with opposing counsel in a good faith effort attempt to resolve by agreement the issues raised in the foregoing Motion—the issues raised in the foregoing Motion are opposed.

### CERTIFICATE OF SERVICE

I hereby certify that as of October 26, 2016 that this matter has been filed with the CM/ECF system for the United States District Court for the Southern District of Florida, and served by CM/ECF on all counsel or parties of record in the Service List below.

    Respectfully Submitted,

    J.H. Zidell, P.A.
    *Attorneys for Plaintiff*
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167

    By:  /s/ Allyson Morgado
    Allyson Morgado
    Florida Bar No.: 91506

### SERVICE LIST

**Jamie Blythe Dokovna**
Becker & Poliakoff
Bank of America Building
625 N. Flagler Drive
7th Floor

West Palm Beach, FL 33401
561-655-5444
Fax: 561-832-8987
Email: jdokovna@becker-poliakoff.com

*Attorneys for Defendants*