UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-20879-COOKE/TORRES

RITA NILDA SAAVEDRA
MACEDO, and all others
similarly situated under 29
U.S.C. 216(B),
    Plaintiff,
vs.

SMALL WORLD MONTESSORI
METHOD SCHOOL V INC., and
AMMIR VAYANI,
    Defendants.
                             /

**SUPPLEMENT TO:
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION
TO DISSOLVE WRIT OF GARNISHMENT**

    COMES NOW, Plaintiff, by and through limited attorney for the purpose of collecting a final judgment, Max A. Goldfarb, and supplements Plaintiff's Motion to Strike Defendants' Motion to Dissolve Writ of Garnishment, as follows:

    1.    Undersigned was retained for the purpose of collecting the final judgment. Undersigned's office, accordingly, obtained a Writ of Execution [DE 64] and on June 1, 2015, levied on Defendant's property ("Levied Property") subject to that writ.

    2.    Further, undersigned, as limited attorney for the purpose of collecting a final judgment, filed a Motion for Writ of Garnishment [DE 65], obtained a Writ of Garnishment on Bank of America, N.A. [DE 66], then had the same served on Garnishee who then filed an answer setting aside the funds indicated in Garnishee's Answer [DE 69].

3. Accordingly, undersigned's office is entitled to a contingency fee from monies recovered from the garnishment, if anymore. But most importantly, undersigned who was retained by lead counsel for Plaintiff for collection purposes, is entitled to recovery of their costs from any recovery received, including but not limited to the Garnishment and Levy costs.

4. The U.S. Marshal's properly advertised the sale of Levied Property and gave proper notice to all interested parties including all lien holders and Defendants.

5. Defendants Levied Property was sold at auction on September 23, 2015, to the Plaintiff, for a credit bid. Defendants received notice of the sale, but failed to appear or to follow up on any attempts to negotiate a settlement or payment plan with undersigned's office.

6. Defendants had until October 2, 2015, to object to the sale of the property, **but failed to do so** and accordingly undersigned filed the Request for Confirmation of Sale [DE 84] and the Confirmation of the Sale [DE 85] was issued. Defendants failed entirely to object to the sale of the Levied Property or follow up on any attempts to settle the matter or make a payment arrangement.

7. Defendants failed to timely file a motion to dissolve the writ of garnishment. Defendant's Motion to Dissolve Writ of Garnishment [DE 101] was filed long after the time period in which they are permitted to do so had expired.

8. Defendant's July 27, 2015 Motion to Vacate Default Final Judgment [DE 76] (filed over a year after the Defendants Levied Property was seized) was granted on March 31, 2016, by the Court's Order to Vacate Default Judgment [DE 101].

9. Accordingly, undersigned was retained by Plaintiff's lead counsel J.H. Zidell, P.A., for the purpose of collecting the final judgment. After being retained, undersigned levied on Defendant's property and caused Defendant's funds to be set aside pursuant to a writ of

garnishment obtained by undersigned. In doing the same, undersigned incurred costs associated with the collection of the final judgment. All of the foregoing took place during the time in which the Default Final Judgment was valid and enforceable. The costs of the writ of garnishment and of the levy include the following:

a. U.S. Marshal's Service fee: $750.00

b. Licensed Mover's fee (with overtime during levy): $4,345.50

c. Service of Writ of Garnishment: $60.00

d. F.S. § 77.028 Garnishment Deposit: $100.00

e. Postage for Mailing of F.S. §77.041 and F.S. 77.055 Garnishment Notices: $6.90

f. Undersigned's office spent over 8 hours at the location of the levy attempting to make a settlement agreement with Defendants

WHEREFORE, in the interest of equity, the undersigned, requests this Court award all costs, expended in trying to collect the valid judgment, before it was set aside, to the undersigned. Here, the Plaintiff should not be prejudiced by the Defendant's delay in seeking recourse because they: (1) knew about the judgment and only filed a motion to vacate the final default judgment **after garnishment and levy upon non-exempt property**; (2) did not timely file to dissolve the garnishment; and (3) completely failed to object to the Marshall sale.

Respectfully submitted,

    /s/ Max A. Goldfarb /
Max A. Goldfarb, Esq. (FBN: 029658)
Attorney for Plaintiff

**Certificate of Service**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in compliance with Fla. Jud. R. Adm. P. 2.516 to all parties listed and designated on the service list for this action with United States District Court, Southern District of Florida's CM/ECF ePortal/PACER, at the time of filing.

    /s/ Max A. Goldfarb /
Max A. Goldfarb, Esq. (FBN: 029658)
    Attorney for Plaintiff
Law Office of Max A. Goldfarb
19 West Flagler Street, Suite 703
Miami, Florida 33130-4406
T: 305.371.2538 | F: 305.539.9432
Rule 2.516 Email Designation:
Primary: Service@MaxGoldfarb.com
Secondary: Max@MaxGoldfarb.com