UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-20879-CIV-EGT

RITA NILDA SAAVERDRA MACEDO,
and all others similarly situated under 29
U.S.C. 216(B),

    Plaintiffs,

v.

SMALL WORLD MONTESSORI
METHOD SCHOOL V, INC. and
AMMIR VAYANI,

    Defendants.

**DEFENDANT SMALL WORLD MONTESSORI METHOD SCHOOL V, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISSOLVE WRIT OF GARNISHMENT**

Defendant, Small World Montessori Method School V, Inc. ("Small World"), by and through undersigned counsel, hereby files this response in opposition to Plaintiff's motion to strike Small World's motion to dissolve writ of garnishment and demand for return of property, and in support thereof, states as follows:

### Introduction

Plaintiff's motion seems to completely disregard the fact that the only basis for entitlement to the writ and the taking of Small World's property was a judgment that has now been vacated and is no longer valid or enforceable. Plaintiff argues she is entitled to keep Small World's funds and property because she previously obtained a judgment that has now been vacated and it would be inequitable for the Court's to require Plaintiff to return Small World's

property and the funds should not be returned because the request to dissolve the writ was not timely filed. These arguments, however, have no merit and Plaintiff's motion should be denied by this Court.

## Argument

I.  **Small World's funds should be returned to it.**

Plaintiff claims since Small World did not file a motion to dissolve the writ within 20 days of its issuance, its current motion is untimely and should be stricken or denied. First, at the time the writ was filed, the judgment upon which the writ was based was still valid and enforceable. Twenty days after the writ was filed, there was no basis to move to dissolve the writ so any motion filed at the time would have been superfluous. Inexplicably, Plaintiff is arguing the statute should be strictly construed and that Small World should have filed a motion to dissolve the writ within 20 days without a legal basis for doing so, which simply makes no sense. It was not until the judgment was vacated that Small World had a basis to move the Court to dissolve the writ, which it did.

Of significance, at the time of the writ was filed, Plaintiff had notice that Small World was challenging the writ and the judgment. Once the judgment was vacated, Plaintiff no longer had any legal right to retain Small World's funds, hence the basis for the motion to dissolve. While not in strict compliance with the statute, a motion to vacate the judgment was filed as opposed to a motion to dissolve the writ, and so Plaintiff knew that the judgment could be vacated.

Second, since these funds are still being held by the bank, they should be returned to Small World and not indefinitely retained by the bank till this matter is either settled or

adjudicated. Presently, Small World is the only party legally entitled to the funds, not the bank and not the Plaintiff, and so therefore, the funds should be returned to Small World.

Third, the garnishment statutes are strictly construed in favor of the debtor, not the creditor. *See Cadle Co. v. G & G Associates*, 757 So. 2d 1278, 1280 (Fla. 4th DCA 2000); *see also Gerlick v. Chandler*, 758 So. 2d 1221, 1222 (Fla. 4th DCA 2000). Moreover, Plaintiff is no longer a creditor as her prior judgment has been vacated. Construing the statute in favor of Small World requires its funds to be returned to it.

**II.     Small World's property should be returned to it.**

Plaintiff next claims that she should be permitted to keep Small World's property because her counsel that was hired on a contingency fee basis to collect the judgment that has now been vacated incurred fees and costs with respect to the seizure of Small World's property. The same; however, is not a basis for Plaintiff to keep Small World's property. The judgment, which permitted the seizure has been vacated. As such, the only basis for Plaintiff to retain the property has been invalidated. Of significance, Plaintiff knew at or around the time of the seizure that Small World was moving to vacate the judgment. Indeed, counsel for both parties discussed it. Instead of choosing to forgo the taking of Small World's property, Plaintiff choose to move forward knowing that the judgment could be vacated, which it was. As such, Plaintiff cannot now argue that it would be inequitable for her to be required to return Small World's property. Indeed, the only thing that would be inequitable would be permitting Plaintiff to retain the seized property now that the judgment has been vacated since there is no legal basis for her to do so.

As such, for the reasons stated herein, Small World requests that Plaintiff's motion be denied and that its motion to dissolve be granted, that its funds be returned to it, and that Plaintiff be required to return Small World's property.

CASE NO.: 14-20879-CIV-T

WHEREFORE, Small World requests that this Court deny Plaintiff's motion and grant Small World's motion to dissolve the writ, that the Court dissolve the writ of garnishment entered against Small World, require Plaintiff to return Small World's property, and that Plaintiff's Motion for Final Judgment as to Garnishee Bank of America (D.E. 79) be denied as moot, as well as all other relief deemed just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response was sent via CM/ECF to: **J.H. Zidell, Esq.**, and Rivkah.Jaffe@gmail.com at J.H. Zidell, P.A. (Counsel for Plaintiff), 300 71st Street, Suite 605, Miami Beach, FL  33141, zabogado@aol.com; **Daniel T. Feld, Esq.**, Daniel T. Feld P.A. (Counsel for Plaintiff), 20801 Biscayne Blvd., Suite 403, Aventura, Fl 33180, danielfeld.esq@gmail.com; **Max A. Goldfarb, Esq.**, 19 West Flagler Street, Suite 703, Miami, FL  33130, max@maxgoldfarb.com, and **Allyson Morgado,** J.H. Zidell, P.A. (Counsel for Plaintiff), 300 71st Street, Suite 605, Miami Beach, FL 33141, amorgado.jhzidell@gmail.com this 10th day of November 2016.

BECKER & POLIAKOFF, P.A.
Attorneys for Defendants
Bank of America Centre
625 N. Flagler Drive, 7th Floor
West Palm Beach, FL  33401
Telephone:  (561) 655-5444
Facsimile:  (561) 832-8987
jdokovna@bplegal.com

By:  /s/ Jamie Dokovna
       Jamie B. Dokovna, Esq.
       Florida Bar No. 592722

ACTIVE: V22455/370432:9103665_1