UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20879-CIV-COOKE/TORRES

RITA NILDA SAAVEDRA MACEDO and all )
others similarly situated under 29 U.S.C. )
216(B), )
                                                     )
              Plaintiff, )
  vs. )
                                                     )
SMALL WORLD MONTESSORI METHOD )
SCHOOL V INC. )
AMMIR VAYANI, )
                                                     )
              Defendants. )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO CONDUCT DISCOVERY**

      **COMES NOW** Plaintiff, by and through the undersigned counsel, and hereby files this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Enlargement of Time to Conduct Discovery [DE 109] and in favor of Plaintiff's Motion for Enlargement of Time to Conduct Discovery [DE 108], and states the following in support thereof:

### Plaintiff's Motion

      1.     The Scheduling Order [DE 97] dated September 26, 2016, requires that all discovery be completed by November 21, 2016.

      2.     During the applicable discovery period, lead counsel left the firm. At the same time, secondary counsel was coincidentally on a previously scheduled vacation. Secondary counsel erroneously assumed that lead counsel had completed discovery in accordance with the Scheduling Order.

      3.     Accordingly, Plaintiff sought an extension of time to complete discovery.

1

**Defendant Small World's Response**

4. Essentially Defendant Small World Montessori Method School V, Inc. ("Small World") argues that it is unclear what the miscommunication concerned, how the miscommunication affected the discovery deadline and that there is absolutely no mention of grounds for "good cause" pled other than over the last two years, someone erroneously thought discovery had been completed. Small World notes that this case was filed in 2014 and that Plaintiff's law firm has represented the Plaintiff throughout the course of these proceedings.

5. Finally, Small World argues that the motion does not specify what discovery remains outstanding or was erroneously overlooked.

**MEMORANDUM OF LAW**

Small world, while arguing that this case has been pending for over two years, ignores the fact that on June 1, 2015, the Court entered a Final Default Judgment against Small World [DE 62], which resulted in the Court entering a Writ of Execution [DE 64] and a Writ of Garnishment [DE 66] in favor of Plaintiff. It was not until March 31, 2016 that the Court vacated the Final Default Judgment against Small World [DE 93]. As a result, the Scheduling Order was not entered until September of this year. Until that time, there was no basis for Plaintiff to engage in discovery.

Recently, Plaintiff learned that subsequent to Plaintiff obtaining the Final Judgment against Small World, Defendant Ammir Vayani has allowed Small World to be administratively dissolved by the State of Florida, and has reinstated two other "Small World" corporations with similar names in order to continue to do business and avoid liability in this action. It is to this limited, late developing issue of successor liability that Plaintiff intended to conduct discovery. And but for the miscommunication, would have done so within the time specified by the Court.

Finally, Small World points out that Despite Plaintiff's statement to the contrary, Defendants never agreed that there is "good cause" to grant the motion. Plaintiff concurs, and informs the Court that the statement was erroneously included in Plaintiff's motion as a scrivener's error and apologizes for same.

## Conclusion

Plaintiff asserts that good cause exists to extend the discovery cut-off date for twenty days in order to complete discovery on the limited issue of successor liability.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(3)

I HEREBY CERTIFY that I have conferred with opposing counsel in a good faith effort attempt to resolve by agreement the issues raised in the foregoing Motion—the issues raised in the foregoing Motion are opposed.

Respectfully Submitted,

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Joshua H. Sheskin, Esq.
Joshua H. Sheskin
Florida Bar No.: 93028
Email: Jsheskin.jhzidellpa@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 30, 2016.

                                                       J.H. Zidell, P.A.
                                                     300 71st Street, Suite 605
                                                     Miami Beach, Florida 33141
                                                     Tel: (305) 865-6766
                                                      Fax: (305) 865-7167
                                                     *Attorneys for Plaintiff*

                                                     By: /s/ Joshua Sheskin
                                                     Joshua H. Sheskin, Esq.
                                                     Jsheskin.jhzidellpa@gmail.com
                                                     Florida Bar Number: 93028