## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") among Ammir Vayani and for the benefit of himself, his heirs, assigns, beneficiaries, executors, administrators, attorneys, agents and representatives (hereinafter collectively referred to as "Vayani"), Small World Montessori Method School V, Inc. on behalf of and for the benefit of itself, its successors, predecessors, officers, directors, agents, attorneys, and its assigns (hereinafter collectively referred to as "Small World"), and Rita Nilda Saavedra Macedo and for the benefit of herself, her heirs, assigns, beneficiaries, executors, administrators, attorneys, agents and representatives (hereinafter collectively referred to as "Macedo") was negotiated in order to resolve any and all outstanding issues, whether presently known or unknown, in connection with Macedo's separation from her employment with Small World, including, but not limited to, any claim for overtime wages and damages for sexual harassment, physical injury, and battery.

WHEREAS, Macedo was previously employed by Small World and now claims that she is owed certain overtime wages for which she has filed suit against Small World and Vayani seeking those wages along with liquidated damages, attorneys' fees and costs and damages related to her claim for battery, which is presently pending in the U.S. District Court for the Southern District of Florida (Miami Division), Case No. 0:14-cv-20879-EGT (hereinafter the "Action");

WHEREAS, Small World and Vayani deny the allegations raised or that could have been raised in the Action as well as all other allegations raised or that could have been raised by Macedo against Small World and/or Vayani;

WHEREAS, the parties, in spite of the allegations that were raised or could have been raised by Macedo against Small World and/or Vayani in the Action or otherwise, desire to resolve all outstanding issues among them, whether presently known or unknown; and

WHEREAS, the parties have agreed to execute this Agreement in exchange for the promises made herein.

NOW, THEREFORE, in consideration of the covenants contained herein, the payments provided herein to Macedo, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Mutual Release.** Except for the obligations contained herein, Macedo hereby irrevocably and unconditionally releases, acquits, remises, and forever discharges Small World and Vayani from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however, denominated (including, but not limited, to those arising out of or in any way connected with the employment of Macedo in any position at any time preceding the date of this Agreement), for front or back pay, income from any source, declaratory or injunctive relief, damages, compensatory damages, punitive damages, wages (minimum and overtime), money, remuneration, attorneys' fees, costs, expenses, or thing of value whatsoever, by Macedo against Small World and/or Vayani, including, the claims arising under or relating to: any claim for defamation, libel, or slander; any rights and claims arising under any federal, state, or local laws prohibiting employment discrimination; any rights and claims arising from the employment, terms of employment, condition of employment, and the separation from employment of Macedo along with any claims under the Fair Labor Standards Act; any claims which

were brought or could have been brought against Small World and/or Vayani by Macedo in any state or federal lawsuit or any administrative proceeding; any claims arising from alleged harassment, negligence, battery, or intentionally tortuous conduct by Small World and/or Vayani occurring before, during, or after employment of Macedo by Small World through the day of this Agreement; any claims for damages, injuries, illnesses, complications now known or that may later be discovered, including all effects and consequences thereof; any claims arising under Title VII of the Civil Rights of 1964; the Americans with Disabilities Act; 42 U.S.C. Section 1981; Chapter 11A of the Miami-Dade County Code; the Florida Civil Rights Act; and Chapter 440 or Chapter 448, Florida Statutes.

The listing of, or the failure to list, specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this release from Macedo to Small World and/or Vayani.

Except for the obligations contained herein, Small World and Vayani hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Macedo from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however, denominated (including but not limited to any claim for declaratory or injunctive relief, damages, compensatory damages, punitive damages, money, remuneration, attorneys' fees, costs, expenses, or thing of value whatsoever, by Small World or Vayani against Macedo, including, the claims arising under or relating to: any rights and claims arising from the employment, terms of employment, condition of employment, and the separation from employment of Macedo; any claims which were brought or could have been brought against Macedo by Small World or Vayani in any state or federal lawsuit or any administrative proceeding; any claims arising from alleged harassment, negligence, battery, or intentionally tortuous conduct by Macedo occurring before, during, or after employment of Macedo by Small World through the day of this Agreement; any claims for damages, injuries, illnesses, complications now known or that may later be discovered, including all effects and consequences thereof.

2. **No Admission/Settlement Offer.** Macedo acknowledges and agrees that Small World and Vayani do not admit that they have treated Macedo unlawfully or wrongfully in any way and further maintains that Macedo was properly paid and was never sexually harassed or battered as she claims. The parties therefore agree that this Agreement does not constitute an admission of any violation by Small World or Vayani of any laws including but not limited to the laws identified in Paragraph 1 above.

3. **Acknowledgments.** Macedo further agrees and states that no promise, inducement, or agreement not expressed in this Agreement has been made to her regarding this Agreement. In signing this Agreement, she further acknowledges that she has entered into this Agreement freely and voluntarily, with full knowledge of all material facts after independent investigation, and without fraud, duress, or undue influence of any kind or nature whatsoever.

4. **Release Payment.** In consideration for the agreements of Macedo hereunder, Small World and Vayani shall make payment to Macedo in the gross amount of $94,500, which shall be made in installments (the "Settlement Payment"). The first payment of $25,000 shall be due and owing on March 1, 2017, which shall be the Effective Date. The second payment of $3,500 shall be due on April 1, 2017. Vayani and Small World shall make a total of eleven (11) payments to Macedo in the amount of $3,500 each of which shall be due on the first of the month. The twelfth and final



payment in the amount of $31,000 shall be due on March 1, 2018. The Settlement Payment and each installment thereof shall be paid by post-dated check, made payable to: J.H. Zidell, P.A. and sent to: Joshua Sheskin, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141 on the Effective Date. If enforcement of Paragraph 4 is sought, the prevailing party shall be entitled to attorneys' fees and costs. In addition, if Small World or Vayani default on the Settlement Payment or any installment thereof, after three (3) business days and opportunity to cure, Macedo shall be entitled to a default judgment against Small World and Vayani in the amount of $150,000, less credit for any payment previously received by Macedo. In addition, for any check that is returned for insufficient funds, there will be a $500.00 fee assessed for same. Notice to Vayani and Small World shall be made by certified mail return receipt requested to: Ammir Vayani at 18461 Miramar Parkway, Miramar, FL 33029 and by e-mail to headofschool@swmontessori.com.

Macedo warrants that there are no attorneys' liens placed on this Action. In the event that any attorney and/or law firm attempts to file a lien or collect attorneys' fees or costs related to the Action or any disputes Macedo had with Small World and/or Vayani, Macedo acknowledges and assumes all responsibility for all payments to satisfy any such lien, or attorneys' fees or costs, and hereby agrees to indemnify and hold Small World and Vayani harmless for the payment(s) to satisfy such liens, attorneys' fees, or costs.

Macedo acknowledges that she has not relied on any statements or representations by Small World, Vayani, or its attorneys with respect to the tax treatment of the payment described in this Paragraph 4. In the event that any taxing body determines that the tax treatment of this payment was improper, Macedo acknowledges and assumes all responsibility for Macedo's personal tax liability and hereby agrees to indemnify and hold Small World and Vayani harmless for the payment of such taxes, interest, or penalties imposed thereon.

Macedo acknowledges that the monetary provisions described in Paragraph 4 constitute valid and sufficient consideration for the promises contained in the Agreement and that neither Small World nor Vayani was not otherwise obligated to provide Macedo such monetary payments.

5. **Additional Acknowledgments.** Macedo agrees and expressly acknowledges that: (1) she has received all compensation (whether regular pay or overtime wages), bonuses, and benefits due and owing to her in connection with her employment with Small World and agrees that (except for the payments set forth in Paragraph 4) Small World and Vayani will not be required to make any further payments to her whatsoever of any kind; and (2) she has not suffered any on the job injury for which she has not already filed a claim.

6. **Waiver of Reinstatement/Re-Employment.** Macedo agrees and recognizes that her employment relationship with Small World and Vayani has been permanently and irrevocably dissolved. Macedo expressly waives reinstatement, re-employment and/or any claim of right to employment by Small World or Vayani whatsoever, and agrees that she does not now and will not seek re-employment or independent contractor status with Small World or any business owned or operated by Vayani in the future.

7. **Complete and Enforceable Agreement.** This Agreement contains the entire agreement, understanding, and stipulation between the parties hereto. Nothing in this Agreement shall be construed to affect the U.S. Equal Opportunity Employment Commission's ("EEOC") or any state or local agency's independent right and responsibility to enforce the law. This Agreement does not affect Macedo's right to file a charge or participate in an investigation or proceeding conducted by the EEOC or any state or local agency, but it does bar any claim or right Macedo may have to receive



monetary damages in connection with any EEOC, state, or local agency proceeding concerning matters covered by this Agreement. This Agreement does not bar any claims that arise after the date of this Agreement.

8. **Choice of Law, Venue and Forum Selection.** The parties further agree that this Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced, and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the courts of Florida. Venue shall be in Miami-Dade County Florida or the United States District Court for the Southern District of Florida.

9. **Dismissal of Claims.** Additionally, because of Macedo's release and waiver of all claims, actions, causes of action and liabilities, Macedo agrees and represents that she has not filed any complaints, grievances, charges, suits, and/or actions of any kind on behalf of herself with any agencies, departments, courts, commissions, and/or other tribunal or entities of any kind against Small World or Vayani other than the Action. Further, to the extent Macedo has filed any such complaints, grievances, charges, suits and/or actions of any kind against Small World or Vayani other than the Action, she agrees and represents that she has withdrawn, dismissed and/or discontinued all such complaints, grievances, charges, suits and/or actions that had been initiated or conducted on behalf of herself with any agencies, departments, courts, commissions, and/or other tribunal or entities of any kind against Small World or Vayani.

10. **Non-Disparagement and References.** The parties agree to refrain from uttering or publishing (including, but not limited to, written, oral, or internet website publication) any disparaging, derogatory or negative statements, comments or remarks concerning any party hereto and as defined herein. A breach of this non-disparagement agreement shall be considered a material breach by any party. Further, Small World agrees that it will provide a neutral reference for Macedo, if requested, which includes only Macedo's last position, pay rate, dates of employment and nothing further.

11. **Confidentiality.** The parties agree that the terms of this Agreement and the discussions that led to its creation and execution are to remain strictly confidential and shall not be disclosed or communicated to any person, unless disclosure is required by law or a court order. The parties may, however, disclose the terms of this Agreement to their attorney(s), tax advisor(s), and spouse, who must maintain the confidentiality of this Agreement. If inquiries arise concerning Macedo's employment or separation thereof with Small World or this Agreement by a person other than those listed above, Macedo will state that her employment ended amicably. A breach of this provision shall be considered a material breach. In the event that Macedo learns that disclosure is required pursuant to a subpoena, court order, or by operation of law, Macedo shall notify Vayani within three business days.

12. **No Third-Party Rights for Non-Parties.** Nothing in this Agreement shall be deemed to create any rights on the part of non-parties to enforce this Agreement. The right to seek enforcement of this Agreement or its disclosure is vested exclusively in the parties. Macedo acknowledges that she has not assigned rights to or any claim she may have against Small World or Vayani to any non-party.

13. **Parties' Agreement Regarding Non-Admissibility in any other Proceeding.** Except as otherwise provided in this Agreement, nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions, or communications, nor any materials prepared, exchanged, issued, or used in negotiations leading to this Agreement, are intended by the





parties to, nor shall any of the foregoing constitute, be introduced, be used, or be admissible in any way in any judicial, arbitral, administrative, investigative, or other proceeding of whatsoever kind or nature, including, but not limited to, as evidence of discrimination or retaliation, or as evidence of any violation of Title VII of the Civil Rights of 1964; the Americans with Disabilities Act; 42 U.S.C. Section 1981; Chapter 11A of the Miami-Dade County Code; the Florida Civil Rights Act; the common law of any jurisdiction; any federal, state, or local law, statute, ordinance, regulation, rule, or executive order; or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used by the parties in any proceeding to enforce the Agreement.

14. **Waiver of Jury Trial.** Small World, Vayani, and Macedo hereby knowingly, voluntarily, and intentionally waive any right to a jury trial in respect to any claims arising in connection with Macedo's employment with Small World and/or this Agreement.

15. **Joint Document of the Parties.** The terms of this Agreement are the product of joint negotiation and are not to be construed as having been authored by Macedo, on the one hand, or Small World and Vayani, on the other.

16. **Headings.** The headings in this Agreement are for the convenience of the parties only and shall not limit, expand, modify, amplify, or aid in the interpretation or construction of this Agreement.

17. **Entire Agreement and Severability.** This Agreement constitutes the complete understanding between Macedo, Small World, and Vayani. To the extent a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the parties agree that the remaining portions shall not be affected and shall be given full force and effect.

18. **Counterparts and Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

IN WITNESS HEREOF, the parties hereto have executed this Agreement on the dates set forth below.

SMALL WORLD MONTESSORI
METHOD SCHOOL V, INC.

By Authorized Signatory
3/3/2017
Date

AMMIR VAYANI

Signature
03/03/2017
Date

RITA NILDA SAAVEDRA MACEDO

Signature
03/02/2017
Date

ACTIVE: V22455/370432:9325725_1